

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Newport News Division

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE HOTMAIL ACCOUNT:<br><br>Mjackson051978@hotmail.com<br><br>THAT IS STORED AT PREMISES CONTROLLED BY THE MICROSOFT CORPORATION/HOTMAIL. | **UNDER SEAL**<br><br>Case No. 4:24-sw-37 |

**UNITED STATES' MOTION TO SEAL AND
FOR 18 U.S.C. § 2705(b) NONDISCLOSURE ORDER**

The United States of America, pursuant to Local Rule 49(B) of the Local Criminal Rules for the U.S. District Court for the Eastern District of Virginia, now asks for an order to seal the search warrant, application, supporting affidavit, and this motion and proposed order, until March 13, 2025, unless provided otherwise by further order of the Court. In addition, pursuant to 18 U.S.C. § 2705(b), the United States asks this Court to order the Microsoft Corporation ("Microsoft") not to disclose the existence of these materials except to the United States Department of Homeland Security (DHS), Homeland Security Investigations (HSI) as part of its cooperation with law enforcement agents to execute the search warrant until such time as the materials are unsealed.

I.      **Reasons for Sealing** (*See* Local Rule 49(B)(1))

1.      At the present time, law enforcement officers of the HSI are conducting an investigation into violations of 18 U.S.C. § 545, Smuggling Goods into the United States; 26 U.S.C. § 5861(d), (k), Possession of Unregistered Firearms; and 26 U.S.C. § 5844, Illegal

Importation of Firearms.  It does not appear that the individuals who are being investigated are currently aware of the ongoing matter.

2.    Premature disclosure of the specific and sensitive details of this ongoing investigation would jeopardize this ongoing criminal investigation, including by giving the targets an opportunity to flee prosecution, destroy or tamper with evidence and witnesses, change patterns of behavior, and notify confederates, if any. In addition, given the nature of the crimes under investigation and the status of the investigation, the specific details of the evidence included in the affidavit necessarily contain sensitive law enforcement information about an ongoing and proactive investigation. If such information were made public at this time, it would jeopardize the ongoing investigation by alerting the people suspected of engaging in criminal conduct of undercover law enforcement activity and other information known to law enforcement. Thus, a sealing order is necessary to avoid hindering the ongoing investigation in this matter.

3.    The United States has considered alternatives less drastic than sealing, including, for example, the possibility of redactions, and has determined that none would suffice to protect this investigation.

**II.    The Governing Law** (*See* Local Rule 49(B)(2))

4.    It is generally recognized that the public has a common-law right of access, but not a First Amendment right of access, to judicial documents, including documents associated with *ex parte* proceedings such as search warrants and orders issued pursuant to 18 U.S.C. § 2703. *See In re Application of the United States of America for an Order Pursuant to 18 U.S.C. Section 2703(d)*, 707 F.3d 283, 292 (4th Cir. 2013); *Media Gen. Operations, Inc. v. Buchanan*, 417 F.3d 424, 429 (4th Cir. 2005). To substantively overcome the common law presumption of access to search warrant materials, a court must find that there is a "significant countervailing interest" in support

of sealing that outweighs the public's interest in openness. *In re Application*, 707 F.3d at 293, *citing Under Seal v. Under Seal*, 326 F.3d 479, 486 (4th Cir. 2003).

5.      Before a district court generally may seal judicial records or documents, it must (a) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (b) consider less drastic alternatives to sealing the documents, and (c) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives. *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).

6.      Regarding the notice requirement in the specific context of search warrants, the Fourth Circuit has cautioned that "the opportunity to object" cannot "arise prior to the entry of a sealing order when a search warrant has not been executed." *Media Gen. Operations*, 417 F.3d at 429. "A rule to the contrary would endanger the lives of officers and agents and allow the subjects of the investigation to destroy or remove evidence before the execution of the search warrant." *Id.* Accordingly, in the context of search warrants, "the notice requirement is fulfilled by docketing 'the order sealing the documents,' which gives interested parties the opportunity to object after the execution of the search warrants." *Id.* at 430 (quoting *Baltimore Sun Co. v. Goetz*, 886 F.2d 60, 65 (4th Cir. 1989)); *see also* Local Rule 49(B) ("Until an executed search warrant is returned, search warrants and related papers are not filed with the Clerk.").

7.      Finally, regarding the requirement of specific findings, the Fourth Circuit's precedents state that "in entering a sealing order, a 'judicial officer may explicitly adopt the facts that the government presents to justify sealing when the evidence appears creditable,'" *Media Gen. Operations*, 417 F.3d at 430 (quoting *Goetz*, 886 F.2d at 65), so long as the ultimate "decision to seal the papers . . . [is] made by the judicial officer," *Goetz*, 886 F.2d at 65. Moreover, "[i]f appropriate, the government's submission and the [judicial] officer's reason for sealing the

documents can be filed under seal." *Id.* at 65; *see also In re Wash. Post Co.*, 807 F.2d 383, 391 (4th Cir. 1986) ("[I]f the court concludes that a denial of public access is warranted, the court may file its statement of the reasons for its decision under seal."). The government's interest in sealing may be supported by a desire to maintain the secrecy of the investigation, preventing the potential subject from being tipped off, or altering behavior to thwart the government's ongoing investigation. *In re Application*, 707 F.3d at 293.

### III.   Period of Time the United States Seeks to Have Matter Remain Under Seal (*See* Local Rule 49(B)(3))

8.      Pursuant to Local Rule 49(B)(3), the United States requests that the search warrant and the application and affidavit in support of the search warrant remain under seal until March 13, 2025, which time period may be extended upon further application of the United States for good cause shown.

9.      Notwithstanding this motion to seal, the United States requests authorization to provide copies as necessary to execute the application.

### IV.   Reasons for Order of Nondisclosure Pursuant to 18 U.S.C. § 2705(b)

10.     Pursuant to 18 U.S.C. § 2705(b), this Court may order Microsoft not to notify any other person or entity (including any customer) of the existence of a search warrant issued pursuant to § 2703 for such times as this Court deems appropriate, so long as this Court finds that there is reason to believe such notification would result in, among other factors, "flight from prosecution," "destruction of or tampering with evidence," or "otherwise seriously jeopardizing an investigation." *Id.* at § 2705(b)(2), (3), & (5).

11.     In this case, there is reason to believe that notification to any person or entity of the existence of the search warrant would result in flight from prosecution and destruction of or tampering with evidence or witnesses. This is because the investigation is ongoing and because

the subjects, who are unaware of the ongoing investigation, may, upon becoming aware of investigation, flee or destroy and delete electronic and other evidence of their illegal actions. In addition, a notified subject may also alert other subjects involved in the criminal activity, if any, thus seriously jeopardizing the investigation.

WHEREFORE, the United States respectfully requests that the search warrant, application, supporting affidavit, and this motion and proposed order, be sealed until March 13, 2025, which time period may be extended upon further application of the United States for good cause shown. The United States further requests that the Court order Microsoft not to notify any person or entity, including any of its customers, of the existence of the search warrant and related materials except to law enforcement officers of the HSI as part of its cooperation with law enforcement agents to execute the search warrant, pursuant to 18 U.S.C. § 2705(b), for the period of one year from the date of this Order, subject to renewal upon a proper showing under 18 U.S.C. § 2705(b).

Date: March 13, 2024

Respectfully submitted,

Jessica D. Aber
United States Attorney

By: _____

Alyson C. Yates
Special Assistant United States Attorney

5